IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAYMOND WILLIAMS,

    Defendant.

Case No. 1:15-CR-119
Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

This action under 28 U.S.C. § 2255 is before the Court on Defendant's Supplemental Motion for Leave to Conduct Discovery, seeking "raw notes of the pre-sentence report writer upon which she based the initial 4 level enhancement, and any raw notes upon which she based the revised 3 level enhancement." (ECF No. 273.) The Magistrate Judge issued a decision on the motion in which he indicated that Local Rule 32.3 requires the Chief Judge to decide this issue. (ECF No. 274) (citing S. D. Ohio Crim. R. 32.3).

As the Magistrate Judge correctly noted, a request for documents from Mr. Williams' presentence investigation file is governed by Rule 32.3. That Rule provides that the "Probation and Pretrial Services Officers are officers of the Court," their records and files "are the confidential records and files of the Court, and the information they acquire in performing their duties must be kept confidential." S. D. Ohio Crim. R. 32.3(a).

Federal Probation Office Policy on the handling of requests for information supporting presentence reports explains:

> With specific regard to presentence reports and information pertaining to or supporting those reports, in order to be of greatest benefit to the court, the report should be as complete as possible, containing all objective information which is

1

significant to the sentencing decision. In order to ensure the availability of as much information as possible to assist in sentencing, the courts have generally determined that presentence reports should be held confidential. In addition, the presentence report contains a great deal of information from a variety of sources and, as outlined in 18, USC 3661, no limitation shall be placed on the information a court may receive and consider in determining the appropriate sentence of a convicted person.

Moreover, the Policy states that the "the reasons for maintaining the confidentiality of pretrial, probation and supervised release supervision records are . . . compelling. . . . [These records] must be controlled in order to ensure that confidentiality is maintained so that probation and pretrial services officers can continue to provide the Court necessary information to meet its needs for releasing or detaining defendants, sentencing defendants and monitoring the supervision of offenders and defendants in the community." Finally, the Policy provides that these confidential records "may be disclosed" at the discretion of this Court if it, *inter alia*, "determines that a compelling need for disclosure has been demonstrated."

The Court finds that no compelling need has been demonstrated for production of these confidential records. Accordingly, the Court **DENIES** Defendant's Supplemental Motion for Discovery. (ECF No. 273.)

**IT IS SO ORDERED.**

11-8-2018
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE