# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 1:15-cr-119

                                       District Judge Susan J. Dlott
  - vs -                           Magistrate Judge Michael R. Merz

DAYMOND WILLIAMS,

                Defendant.     :

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This action under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (ECF No. 309) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 306). The United States has responded to the Objections (ECF No. 314).

The case was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), (B), and (C) and § 636(b)(3) (Order, ECF No. 258). The Court reviews *de novo* recommendations on prisoner petitions under Fed.R.Civ.P. 72(b)(3) and has done so in this case.

Defendant filed his § 2255 Motion *pro se*, but has had the assistance of counsel appointed under the Criminal Justice Act since shortly after it was filed (ECF No. 263). Defendant was granted requested discovery (ECF No. 272) and an evidentiary hearing (ECF No. 291). That hearing was held March 1, 2019, and has been transcribed (ECF No. 302).

1

Defendant's Motion to Vacate pleads one ground for relief: ineffective assistance of trial counsel for failure to argue for a reduction of the role enhancement recommended by the Probation Officer from three points to two or none (Motion, ECF No. 257, PageID 846, 855). In a lengthy section of the Motion written by another inmate, Defendant argues that he did not have sufficient control over other participants in the conspiracy to warrant points for enhancement. However, as the Magistrate Judge correctly notes in the Report, what is at issue in this § 2255 proceeding is whether it was ineffective assistance of trial counsel for his trial attorney, Tim McKenna, not to make that argument. He could not have made that argument himself on direct appeal because he had waived his appeal rights as part of the plea agreement (Report, ECF No. 306, PageID 1612-15).

On the merits of the ineffective assistance of trial counsel claim as pleaded, the Magistrate Judge heard testimony from both McKenna and the Defendant. McKenna testified that the original PSR recommended an enhancement of four points for Williams' role in the conspiracy. McKenna persuaded the probation officer to reduce that to three points and he testified Williams was "happy" with that reduction. The United States was also agreeable to that reduction and the Court sentenced Defendant to 108 months at the bottom of the calculated guideline range. The Magistrate Judge credited McKenna's testimony over that of Williams for reasons explained in the Report (ECF No. 306, PageID 1623). The credibility determination of a Magistrate Judge who has heard live testimony is entitled to deference. *Blankenburg v. Warden*, 2019 U.S. Dist. LEXIS 167492 (S.D. Ohio Sep. 29, 2019)(Barrett, J.), citing *Peveler v. United States,* 269 F.3d 693, 702 (6th Cir. 2001).

The Report applied the applicable legal standard from *Strickland v. Washington,* 466 U.S. 668 (1984). The Magistrate Judge found no deficient performance because "[n]o authority is offered to the proposition that a lawyer must continue to argue for eliminating an enhancement

when is client is "happy" with a one-level reduction, especially when, in the lawyer's professional judgment, the facts warrant (or the judge is likely to find they warrant) some role enhancement." (ECF No. 306, PageID 1624. The Report also found against Williams on the prejudice prong of Strickland because "it is completely speculative whether the [Court's] findings would have been the same if the three-level role enhancement had been contested." *Id.* at PageID 1625.

Williams objects that "[t]he Magistrate Judge erred in finding that 'anyone in Williams's position in the conspiracy could easily have proved role enhancement did not apply.'" (Objections, ECF No. 309, PageID 1630, purportedly quoting Report, ECF No. 306, PageID 1624.) The whole sentence from which the quotation is taken is

> There certainly is no proof that, with competent counsel, that anyone in Williams's position in the conspiracy could easily have proved role enhancement did not apply, especially in light of the other damaging information which the government could have adduced either in support of the enhancement or in support of other factors to increase the penalty (e.g., drugs stored at grandmother's house, derivation of livelihood from the conspiracy, etc.).

Williams objects that the Magistrate Judge in this passage shifted the burden of proof to Defendant when in fact the burden of proving the role enhancement was on the United States. But that objection misreads the Report. The Magistrate Judge did not suggest that the burden of disproving role enhancement was on the Defendant. Instead, the Report discusses the context: the government gave up the opportunity to present evidence in favor of role enhancement and Defendant gave up the opportunity to rebut that evidence when both sides agreed to an uncontested three-point enhancement.

Williams objects that the evidence the Magistrate Judge says could have been adduced at sentencing was in fact adduced (Objections, ECF No. 309, PageID 1631). However, examination of the transcript from sentencing shows that no evidence at all was presented (ECF No. 245).

Williams faults the Report for not analyzing "the legal basis to support defense counsel's argument reference the enhancement. . ." The question of whether a defendant exercised sufficient control to qualify for a role enhancement under the Guidelines is heavily fact dependent. In agreeing to a reduction from four points to three, both the government and the Defendant waived their respective opportunities to present evidence relating to those facts.

Having reviewed *de novo* those portions of the Report to which objection was made, the Court concludes the Report is neither clearly erroneous nor contrary to law and it is hereby ADOPTED. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October _1__, 2019.

    ____s/Susan J. Dlott____
    Susan J. Dlott
    United States District Judge